IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED SATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:11-CR-13-AT-LTW-2 |
| LEONARDO MANSON, | : | |
| Defendant. | : | |

## **ORDER**

Defendant's timely objections [Doc. 64] to the Magistrate Judge's Final Report and Recommendation ("R&R")[Doc. 62] are currently before the Court. The R&R recommends the denial of Defendant's Motions to Suppress Evidence, Photo Identification, and Statements [Docs. 29, 30, 31]. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard.

### I. BACKGROUND & DISCUSSION

After a thorough review of the record, the Court adopts the factual summary set forth in the R&R. In brief, the evidentiary record, as accurately described in the R&R, shows that the search from which the Defendant seeks to suppress evidence was obtained through the voluntary consent of the lessee. Ms. Caja, the lessee of the home, never indicated to the officers that the Defendant was anything more than a casual visitor of the home –

someone who was visiting her boyfriend at the time of the first search of the house.  The only evidence that Defendant has pointed to in support of his contention that he was an overnight guest in the home is contained in Officer Garner's police report concerning his conversation with the Defendant.  That report reflects that the Defendant, sometime after having been discovered hiding in a crawl space on the second floor of the house, told Officer Garner that he was residing at the subject property at 1620 Derby Avenue.  In a subsequent interview on October 5, 2010, with Special Agent McLeod, the Defendant stated that he did not leave at the house at 1620 Derry Street but instead lived with his girlfriend at another address.  (Tr. Magistrate Proceedings at 57).

Defendant would have no reasonable expectation of privacy for purposes of Fourth Amendment protection unless he could show that he had a reasonable expectation of privacy in the particular quarters of the house where he stayed over night and that those specific rooms were subject to the challenged search.  In the absence of such a showing, the Defendant would not have standing to challenge the search and seizure.  *United States v. Rackley*, 742 F.2d 1266, 1270 (11th Cir. 1984).  The Defendant's showing here relied on a slim reed of evidence – his own statement to one of the officers, as reflected in a police report, made after he was caught hiding out

in the house. No affirmative evidence was presented as to how long the Defendant purportedly had stayed in the house or in what room(s) he stayed. Ms. Caja's statements to the police lend no support for the Defendant's assertion. Under these circumstances, the Court finds insufficient credible, specific evidence to sustain Plaintiff's contention that he had a reasonable expectation of privacy in some portion of the house where the search was conducted and where contraband was discovered. Accordingly, the Court finds that the Magistrate Judge's determination that the Defendant lacked standing to challenge the search was correct. Further, even if Defendant were deemed to have standing, the evidence indicates that the police officers obtained the lessee's voluntary consent before conducting a search of the home and that the challenged search extended to common areas in the house beyond any unidentified room(s) in which the Defendant may have allegedly resided. *Id.* Accordingly, the Court **OVERRULES** Defendant's objections to the Magistrate's R&R with respect to the Defendant's Motion to Suppress Evidence [Doc. 29].

The evidence also shows that the totality of the circumstances surrounding the photo identification render it admissible evidence under the two-step analysis used in the Eleventh Circuit for out-of-court identifications. *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2011)

3

(citing *Cikora v. Dugger*, 840 F.2d 893, 895 (11th Cir. 1988)). While the officer's showing of a single photograph to the confidential informant was indisputably unduly suggestive, the indicia of reliability supporting the identification process are exceedingly strong, as discussed thoroughly in the R&R. The problems posed by the showing of the single photograph are greatly outweighed here by the circumstances indicating the reliability of the witness's identification, as summarized in the Magistrate Judge's Report. (Doc. 62 at 25-26.) *Manson v. Brathwaite*, 432 U.S. 98, 114-116 (1977). Accordingly, based on the totality of evidence, the Court **OVERRULES** Defendant's objection to the Magistrate's R&R with respect to the Motion to Suppress Eye Witness Identification [Doc. 30].

Similarly the totality of the circumstances in which the Defendant gave his statement to the police demonstrates that this confession was voluntary and that the Defendant fully understood his *Miranda* rights. As the Magistrate Judge noted, the Defendant's invocation of his right to counsel within eight minutes of the commencement of his interview (which in turn terminated his questioning by Special Agent McLeod) is indicative that the Defendant's interrogation was not handled in such a coercive manner as to suggest that the first five to eight minutes of the interview, by contrast, were improperly coercive. Accordingly, the Court finds that while

the Defendant's interrogation while he was handcuffed and under arrest might have carried some inherent intimidation, the overall circumstances of the interrogation [1] were not sufficiently coercive as to vitiate the voluntariness of Defendant's statements. *Harris v. Dugger*, 874 F.2d 756, 761 (11th Cir. 1989), *cert denied*, 493, U.S. 1011 (1989). Thus, the Court **OVERRULES** Defendant's objection to the Magistrate Judge's R&R with respect to the Motion to Suppress Statements [31].

## II. CONCLUSION

The Defendant's objections incorporated the contentions he raised in his original brief in support of the Motions to Suppress. The Magistrate Judge carefully considered the brief in the R&R. After reviewing the R&R, the associated hearing transcript and evidence, and the Defendant's objections, the Court finds that the Magistrate Judge properly applied controlling law to the evidentiary record here. Defendant has identified no legal or evidentiary error that warrants reversal of the Magistrate Judge's findings and recommendation, even when reviewed on a "de novo" basis. Accordingly, the Court **ADOPTS** the Magistrate Judge's Final Report and

---

[1] The interrogation proceeded for only five to eight minutes prior to being cut off. The officers additionally neither maintained physical contact with the Defendant, nor drew their guns in a show of force. Finally, the Defendant told Special Agent McLeod at the outset of their conversation that he knew and understood his rights and proceeded to speak these rights in conjunction with McLeod as he read him his *Miranda* rights.

5

Recommendation [Doc. 62] and **DENIES** the Defendant's Motions to Suppress [Docs. 29, 30, 31].

It is so ORDERED this the 11th day of July, 2012.

_____
Amy Totenberg
United States District Judge